■ FRANK J. DiSALVO, Individually and as Father and Natural Guardian of CHRISTINE DiSALVO, an Infant, Respondent, v ARMAE, INC., Doing Business as SUNNY HILL FARM, INC., Appellant, et al., Defendants. (And a Third-Party Action.)—In a negligence action to recover damages for personal injuries, etc., defendant Armae, Inc., doing business as Sunny Hill Farm, Inc., appeals, as limited by its brief, from so much of an interlocutory

judgment of the Supreme Court, Queens County, dated November 6, 1974, as is in favor of plaintiff against said defendant, upon a jury verdict at a trial on the issue of liability only. Interlocutory judgment reversed insofar as appealed from, on the law and the facts, without costs, and complaint as against defendant Armae, Inc., doing business as Sunny Hill Farm, Inc., dismissed, on the law. Plaintiff Frank J. DiSalvo, his wife and children were paying guests at appellant's country resort. While it was still light outdoors and while waiting for darkness and the start of an outdoor movie to be shown on the resort grounds, the infant in question (Frank's daughter) ran into the left rear of a pickup truck that was being driven slowly and carefully, at not more than five miles per hour, along a road that passed between the movie area and a children's recreation area. The jury exonerated the driver of the truck. At the time of the accident (i.e., during the premovie period), the child was in the immediate physical supervision of her parents. Appellant was not an insurer of the safety of the child and cannot be held chargeable with preventing or foreseeing an accident of this type, under the circumstances present in this case. Rabin, Acting P. J., Latham, Cohalan, Margett and Brennan, JJ., concur.